In the Matter of the Application of JOSEPH PLAUT, Petitioner, for a Certiorari Order against THOMAS M. LYNCH and Others, Constituting the State Tax Commission, Respondents.

Third Department, February 18, 1931.

*Wise & Seligsberg* [*Isaac Lande* and *Robert Delson* of counsel], for the petitioner.

*Hamilton Ward, Attorney-General* [*Henry S. Manley, Assistant Attorney-General,* of counsel], for the respondents.

VAN KIRK, P. J.   The petitioner made his personal income tax return for the year 1925 and paid his tax.   In November, 1928, the Tax Commission made an additional assessment; petitioner paid this under protest, asked for a review, and in March, 1930, a formal determination was made confirming the additional assessment. The record shows that prior to January 1, 1919, the petitioner was the owner of 6,500 shares of Lehn & Fink, Inc.   In 1923 he received a twenty per cent stock dividend and increased his share holdings by 650 shares, having thereafter given 650 shares to his son.   In 1925, shortly before he sold his stock, he received another twenty per cent stock dividend which increased his holdings to 8,580 shares. The parties have treated the case as if the taxpayer was the holder of 8,580 shares on January 1, 1919.

The subject of the tax is the difference between the selling price of the stock in 1925 and its value on January 1, 1919.   The selling price was $1,051,803.62.   Though this whole amount was not paid in cash in 1925, the Commission has held, the petitioner consenting, that the entire selling price should be considered as received in 1925.

The issue between the parties is the value of this stock on January 1, 1919, and the only element in dispute is the value of the " good will."   Good will is an indefinite expectancy, which has been frequently defined.   (*Matter of Brown,* 242 N. Y. 1, 6; *Metropolitan Bank* v. *St. Louis Dispatch Co.,* 149 U. S. 436, 446.)   It is not susceptible of exact determination.   When a stock is quoted on an exchange the quotation at any date includes the value of the

good will. The stock in question was not quoted upon any exchange and the original purchase price of the stock is not given in the petitioner's tax return.

It seems to be conceded that good will is an asset the value of which is to be calculated. The Commission states that it calculated this value " as of January 1, 1919, by reference to good will value at August 20, 1925, as demonstrated by actual sales near that date. Excess earnings for 2 years prior to January 1, 1919 and 2 2/3 years prior to August 20, 1925, used for purpose of calculation." The petitioner adopted the same method, but used periods of six years prior to January 1, 1919, and prior to the date of the sale respectively. The method is this: from the average net profits realized in these years deduct a reasonable return on the average tangible invested capital, capitalize the excess earnings and this capitalized sum is accepted as the value of the good will. There is no dispute as to the percentages used in computing a reasonable return, or in capitalizing. In the record are set forth balance sheets of the corporation showing the net earnings for the common stock and the average tangible invested capital in each of these years. The figures contained in these balance sheets are not questioned; nor does the Tax Commission question the fairness of using the longer periods, but has eliminated as abnormal and unusual the earnings of two years from each period, namely, from the earlier period the years 1915 and 1916, which were years of large profits, and from the later period the years 1920 and 1921, which were years of small profits. Each elimination was prejudicial to the taxpayer. The Commission has found that the value of the good will on January 1, 1919, was substantially the same as in 1925. The petitioner contends that the value of the good will was substantially greater as of the earlier date. If the net earnings during the two-year periods eliminated are included, it will tend to establish petitioner's contention.

It seems to us that these eliminations were arbitrary. The net income of industrial companies varies largely from year to year. They experience good years of profit and bad years of loss or decreasing profits. In order to determine average excess profits of such a company, above a reasonable return upon its invested capital, a period of years should be taken and no years during the period should be eliminated as abnormal. We think in this case a period of five or six years is a reasonable period for that purpose. (*Matter of Ball*, 161 App. Div. 79; *Von Au* v. *Magenheimer*, 115 id. 84.) Because in a period chosen there are years of small profit or years of large profit is not a reason why either should be eliminated. By taking a series of years, including the large and the

small profits, a fair average is obtained. We hold that a two-year period is unreasonable and unfair.

The determination of the Tax Commission should be annulled and the matter remitted for determination of the excess profits in accord with the method approved by both parties and without the elimination of the net earnings of any year within the period adopted, and we find that a two-year period is inadequate.

All concur.

Determination annulled, with fifty dollars costs and disbursements, and matter remitted to the State Tax Commission for determination of the excess profits in accord with the method approved by both parties, and without the elimination of the net earnings of any year within the period adopted, and the court finds that a two-year period is inadequate.